Honorable, the judges of the United States Court of Appeals for the Fourth Circuit. Counsel, you can proceed. Thank you, Your Honors. May it please the Court, my name is Thomas Birch and I supervise the Appellate Clinic at the University of Georgia. Appointed by the Court to represent Mr. Palacios. Today, one of our 3L students, Molly Fiero, will present argument on our behalf and I'll be standing by on line. Thank you very much, Your Honors. Thank you. Your Honors, and may it please the Court, My name is Molly Fiero and I represent Israel Palacios. Mr. Palacios was convicted of both a lesser included firearm offense under 924C and a greater firearm offense under 924J. The government now concedes that these two counts were duplicative. So the question is whether Mr. Palacios' counsel was ineffective for failing to raise this double jeopardy objection at trial and on appeal. The district court found that he was not, stating that the law was unclear at the time. But this court should reverse that judgment for two reasons. First, at the time of trial, his double jeopardy claim was foreshadowed by the available case law and jury instructions. And second, Mr. Palacios was prejudiced by the imposition of an additional conviction, fine, and consecutive sentence. On the performance prong of U.S. v. Strickland, Mr. Palacios' trial counsel fell below the objective standard of reasonableness because they failed to object contemporaneously to the double jeopardy violation, to bring the issue to the court's attention, and to preserve it for appellate review. The standard for what claims had to be raised is one of foreshadowing. That's the standard that this court has articulated in both Morris and Carthorn as one that means that the arguments are not, even in the absence of decisive precedent, the arguments are sufficiently foreshadowed in existing case law. Even if it's unsettled, if there's relevant authority strongly suggesting that the argument should be made, then counsel was obligated to raise it. At the time of trial in 2008, there were several indicators that this argument was viable, the most basic being nearly 100 years of Supreme Court precedent, dating back to Blockberger, indicating that the most simple iteration of double jeopardy is when there is a lesser and greater included offense, not requiring proof of any additional element. The jury instructions in this case made that explicit. When it said, quote, count 18, which was 924J, is to be considered only if you first find the defendant guilty under count 17, which is 924C, as charged. That's JA at 106. And that instruction makes sense, because the statute in this case, if you look at 924J, says, quote, a person who, in the course of a violation of C, causes the death of a person through use of a firearm. There are also several cases from the Fourth Circuit that foreshadowed this argument, the strongest of which being Robinson from 2001, which said that 924C violations are an underlying and necessary conduct element of 924J. There's also cases like U.S. v. Luskin in 1991, when this court said, quote, the court must concern itself with whether the underlying crimes of violence supporting the section 924C charges are duplicative under a double jeopardy analysis. Additionally, all of the circuit court cases who had decided this issue at the time had decided it in our favor, which suggests that if Mr. Palacios' counsel had done even preliminary research into this question, they would have raised this objection. Well, excuse me, though, Ms. Fiorio, did you only have one circuit, the First Circuit, that had spoken on a related issue? And as also as part of my question, what I'm particularly concerned with is the Fourth Circuit decision of Drayton, because that really was contrary to the position you're taking today, isn't it? Because there we upheld both the convictions and sentencing in a 924C and a 924J, saying they were distinct convictions for purposes of sentencing. So how was this foreshadowed in the Fourth Circuit merely because there was a First Circuit case out there? Well, I'll address your concerns about Drayton first. So the first is that Drayton addressed a different issue. It found that 924C and 924J were distinct offenses for sentencing purposes. And this particular type of double jeopardy claim was not raised. So even if there was an underlying or lurking in the record double jeopardy violation, the idea that the court in Drayton upheld both sentences doesn't mean that there was strong precedent against it. Second is that in Morris, this court said that the weight of the precedent, if it tilts decidedly in favor of objecting or not objecting, is the decision. And a single unpublished decision in Drayton, as compared to these other Fourth Circuit cases that were circling and lurking this issue, this exact same provision of the code, 924C, and whether or not 924J is a conduct element, would have substantially supported this position. And it would be bizarre and below competency standards for counsel to abandon this argument simply because... Excuse me, Ms. Piero, Judge Keenan again. So the lawyer in Drayton was ineffective for not raising double jeopardy? Is that what you're telling us? Yes, Your Honor. Any attorney who had these cases available to them, which Drayton appears to, based on at least the date of the appeal, that didn't raise a double jeopardy violation in 924C and 924J was ineffective in their position based on that standard in Blockberger and in the statutory language. But in this case, we also have the unique fact of the jury instructions, which made it very explicit that you can only consider 924J if the government proved 924C, which means, definitionally, that there was no additional element for 924C and that it was a lesser included offense. Okay. What about the fact that counsel raised another double jeopardy claim? It was a different one. But why aren't we required to give some deference to strategic choices that counsel made? And if counsel thought he had a better double jeopardy argument, why was he required to raise both? He was required to raise this argument because while there is often a presumption that we can explain away decisions of trial counsel based on trial strategy, those arguments are generally in the context of one more piece of evidence or one more witness that could sway or not sway a jury. Here, counsel was clearly comfortable raising double jeopardy objections to the judge and we simply think that he should have looked over a little bit more what these charges were and raised a second one. Okay. You know what? So what's concerning me here, Ms. Garrow, is you are setting such a high standard. You're relying on Robinson and saying that counsel should have read into Robinson the issue of double jeopardy. Robinson dealt with the venue provision, didn't he? There wasn't a specific double jeopardy claim in that case. And I'm just worried that what we're doing is maybe – or the argument you're making is what an extremely good lawyer would make. And that's not the standard that we apply here. I mean, Robinson didn't clearly forecast it. It was talking about venue. And aren't you asking us to really raise the bar or to lower the bar for what is ineffective assistance to counsel? The bar is that counsel is required to be aware of possible legal arguments that are foreshadowed in existing case law, even if the precise argument or issue has not been decided. And that's well made in both Carthorne and Morris. And so that is the standard that we're asking. We don't think it's anything above what this court has already decided. Robinson is about venue. But it considered venue insofar as to prove venue, you must prove what conduct elements were required. And in analyzing that, it found that 924C was a conduct element of 924J. So even if it viewed that in the context of venue, there was enough there that they should have been able to make the inference or seen the possibility for foreshadowing of this other argument, particularly given the statutory language and the jury instructions. The concern you raised about this other double jeopardy argument or the trial counsel's motion for multiplicity offenses is an important one, because as you pointed out, that was a different objection. So that objection was between whether the murder charges and the firearm offenses violated double jeopardy, whereas our argument is between the two firearm offenses. But even if that was the correct provision, counsel was still deficient because the judge never ruled on that motion. They deferred it and said they would take it up at a later time, but the attorney never raised it again. So even if that was the right motion, it wasn't properly executed in any constitutional sense. The standard here is foreshadowing, because we require counsel to be aware of the law at the time in order to make the most robust defense possible. And given the statutory language of the Supreme Court precedent, we think that that's established here. Okay, thank you. Ms. Fiero, this is Judge Floyd. Did the trial counsel testify during the 2255 proceeding? They did not, Your Honor. Despite that, we think it would be appropriate for this court to vacate outright, if you agree with our position in this case, because the facts themselves are undisputed. And this court can decide the question of prejudice, which the district court did not reach, without ever returning it to the district court, because essentially the facts are what they are, and the law is what it is. We don't need further development. Yeah, Ms. Fiero, excuse me, Judge Keenan again, what I'm concerned about is, if we agree with your argument that there was ineffective assistance of counsel here, why wouldn't we have to vacate and remand for resentencing under the Sentencing Package Doctrine? Sentencing Package Doctrine. And maybe this would be a be careful what you wish for situation, because the end could end up worse under the Sentencing Package Doctrine. Right. We share that concern. It is, the judge in this case did structure the sentence in a way that was beneficial to Mr. Palacios, and it's not clear whether that was intentional or accidental, but regardless of whether or not 924C is vacated, Mr. Palacios does not stand at this point to be released from prison. But this segues nicely into the prejudice issue, because our position is that the conviction itself, regardless of the way that the sentence is structured, is something that imbues prejudice. As the Supreme Court said in Rutledge, as long as, regardless of how much time an individual will spend in prison, the fact of an additional sentence, and also in this case the additional $100 fine under 18 U.S.C. 3013, is something that as long as that's on the book, the prejudice prong will be met. We also have the Supreme Court case Ball, in which they acknowledge that there are adverse collateral consequences, regardless of sentence structuring. So even if there was a new sentencing, we don't think, independent of that, that there would be any reason for a new trial, but even if there was new sentencing, it's our position that this sentence should be vacated regardless, because it only came about as a result of ineffective assistance of counsel at the trial court level. Okay, thanks. Certainly. And even setting aside everything else, just the jury instructions in this case, that were actually in front of the trial counsel, showed the double jeopardy violation by articulating that 924C was a lesser included offense of 924J, by stating that no additional proof was necessary. Trial counsel should have understood that almost 100 years of Supreme Court precedent means that they should have made this objection. And we ask the court to find as such, and vacate Mr. Palacios' conviction under 924C. Thank you, and if there are no further questions, I'd like to reserve the remainder of my time for rebuttal. Thank you. Mr. Austin? Good afternoon, Your Honors, and may it please the court, Charles Austin for the United States of America. In August 2008, a jury convicted Mr. Palacios of various racketeering offenses, including retail conspiracy, by-car conspiracy, and murder, and the two charges under Title 18 of the United States Code, Section 924, at the heart of this ineffective assistance challenge. The charges arose from violent activities of the Langley Park Salvage Churches, a local MS-13 clique operated in Montgomery County, Maryland, co-founded by Mr. Palacios, including an October 2004 murder of a woman who was suspected of fraternizing with rival gang members. Almost three years after his conviction, the federal courts of appeal began addressing the discrete issue raised by the double jeopardy argument with respect to the interplay between Sections 924C and 924J, where those charges arise from the same act. The government now asked the court to affirm the district court's denial of the 22-5 motion for relief, because as the district court explained, the cases addressing this particular issue and creating the still-present split between the courts arose years after Mr. Palacios' trial and sentencing. Notwithstanding that counsel presented the very argument shortly before trial that is now just today, the blank canvas upon which these cases later drew demonstrates that the argument was novel, a long shot, or otherwise not sufficiently foreshadowed that any failure to advance it falls beyond the wide range of effective assistance recognized by Strickland. If I may, Your Honors, I'd like to begin... Mr. Austin? Yes. Judge Keenan, why doesn't the plain language of the statute raise the double jeopardy issue such that counsel... I mean, why are we... It seems to me that you can argue whether a case is a particular case or another foreshadowed thing, but what about the plain language of the statute? Why doesn't that telegraph the double jeopardy claim? Well, Your Honors, I believe it doesn't telegraph it because of the nature of the inquiry here, and I believe I recognize where Your Honor's going with the question in terms of whether the punishments can be cumulative. I'd like to start by saying the government does not argue that the lesser-included nature of 924C is something that was not foreshadowed, that was plain. That's actually how it was charged. What is the more novel piece of the double jeopardy argument, at least at the time of trial and sentencing, would have been whether under Missouri v. Hunter, Congress had authorized multiple punishments. Taking to Your Honor's question about whether the plain language doesn't control, the government believes that the state of the law at the time introduced some uncertainty, as Your Honor raised during my colleague's argument. There was the Drayton case, which, while unpublished, may have caused some concern about whether these counts could lead to successive punishment. There was a discussion in the Eighth and Tenth Circuit in Battle and Allen that examined whether these crimes were even discrete and separate crimes. Given the consecutive mandate of 924C, some ambiguity as to whether the crimes were discrete or not, there would have been reason to be uncertain as to whether the Hunter aspect of the double jeopardy challenge would have been one that was sufficiently strong enough to raise at the time of trial. I believe that adds to that uncertainty, even in light of what the language of the statute read at the time. Turning to the point that Judge Keenan raised, during argument, the claim was actually pressed that there was double jeopardy concerns here, that under Blochberger, the 924C and 924J counts could have led to a double jeopardy problem. The government disagrees with Mr. Polisios' current reading, which is that that motion to dismiss multiplicative counts was between the 924 counts and the underlying murder charges, not the counts themselves. Looking at JA 97, the motion stated that either count 18 or 19 can be proven entirely through the evidence necessary to establish the other three counts pertaining to the murder of Nancy Diaz. Also, as raised in the reply brief and cited in the supplemental appendix, when the parties raised this before the court and had argument before Jury voir dire on the day of trial, counsel was asked by the court, what would you like me to have the government do? And counsel responded that the government should have to choose between, and he misstated the numbers, I believe we clarified that in the briefing, but he essentially asked the court to make the government choose between the 924C and 924J. We think that that makes it clear that counsel was actually raising the very issue that is brought up now, albeit without addressing the Hunter aspect that we raise now. They were certainly aware of the possibility of the double jeopardy analysis, and as just seen and raised. Mr. Austin, does Hunter require a defendant to show a lack of congressional intent as to double jeopardy issues? I do not understand Hunter to require a showing of a lack of intent, no. If you're asking if they are required to show a negative, I don't believe so. I believe it's actually that they have to show that Congress explicitly intended it. All right. Yes, Your Honor, I'm sorry. I didn't mean to cut you off. No, no, you didn't. Oh, I'm sorry. I thought I heard something. If I could jump in again, Judge Keenan here. Sure. Mr. Austin, are you agreeing now that the 120-month 924C sentence was the only consecutive sentence? Because there seemed to be some confusion in your brief. Yes, yes. Regarding the 120-month sentence in the conspiracy to commit murder in aid of racketeering. Are you agreeing now that the 120-month 924C sentence was the only consecutive sentence? Yes. I believe that was an error in the brief and in checking the judgment that's in the joint appendix. It does appear that all counts of convictions are inconcurrent except for the 924C 120-month. I do agree, Your Honor. Okay, thank you. Yes. I would also like to note with respect to the argument that was actually made again echoing Judge Keenan's concerns, the standard that's now being asked seems to be a pretty substantial one on defense counsel. It almost seems that they would be too broad, yet not specific enough. The government believes that the argument that was raised actually strikes the right balance to highlight for the court what the issues are. In fact, counsel even used the words fungible when referring to the 924C counts without being so specific as to box themselves in at a later point in time and then be found ineffective assistance for, for example, asking that the wrong count be dismissed. We actually think that Strickland affords counsel this deference to make the argument that was made and also, as Your Honor raised, to decide strategically where to focus their efforts, whether it be in post-trial motions or upon appeal. Turning briefly again to the unsettled state of the law, Judge Keenan had raised the question about whether at the time of trial only the First Circuit had spoken to the lesser included aspect of it. However, this narrow question of whether 924C and 924J counts could sustain multiple punishments in the same indictment from the same event was not addressed by any circuit court to the government's knowledge, not by any district court until February of 2011, which would have been approximately a few weeks after the Mr. Palacios' direct appeal was briefed before the court. The open brief was filed, I should say. So we're looking at about two and a half years after trial that this was decided. And when it was decided by the 11th Circuit and Julian, it actually came out against the position that Mr. Palacios presses and Julian found that there could be multiple punishments, that there was no double jeopardy issue. And then later, the First Circuit and Garcia-Ortiz, four days before the briefing completed on Mr. Palacios' direct appeal, then found the position that Mr. Palacios presses today, and that a number of circuits have found later. We think that that shows, A, that the state of the law was certainly unsettled by the time of sentencing, that the state of the law continued to be unsettled with a one-to-one split at the time that the direct appeal was resolved and continued to be unsettled. By example, I point to the Fifth Circuit's case in Gonzales, which was decided in 2015. There, the district court actually sided with Julian, even though courts, in addition to the First Circuit, had adopted the view that there was a double jeopardy issue. And the government believes it would be difficult to fault the district court and trial counsel for not pressing this issue when no courts had spoken on it, when the reality is that even when some courts had spoken on it, there were still some disagreements about whether these consecutive punishments could be imposed. If I may move to... Yes. This is Judge Mons. I have two questions for you. And the first one follows right up upon what you just said. So, if this case came up to us with a trial that took place three months ago, the government would confess, and the result would be the same, the government would confess error because the law has been developed. Is that correct? That, as I understand, is what the government's done in other cases. So I would assume the United States of America would adopt the same position. I'm sorry. I just want to understand. I just want to understand the question. You're saying if we were hearing a case that was decided a few months ago... I apologize. I may have missed something. Yes. If we had before us appeal from a case that was decided a few months ago, so there's a development in the law, the government would concede that there was error. Is that correct? And it's what I understand the government has done in other cases. I think that's correct, Your Honor. The law is more developed. Again, as you're saying, three months ago from now, the law is more developed now, certainly. The position is that in 2008, there was no one who had spoken on it. Yes. I understand your position. I just want to understand what the position was if it was right now. So my second question goes to your portion of your brief at the very end where you talk about remedy. And I don't know if you have your brief in front of you. I do. You say that you make the argument that there's no prejudice. But of course, there's Supreme Court law that just a $100 special assessment is sufficient prejudice. Assuming that that's right, then you say that the only remedy that could be given would be to vacate the 924C conviction. And if we should hold that there was sufficient prejudice, that's what we should do. Does that continue to be the government's position? Generally speaking, yes. If I may just add a little bit of qualification in preparing. The view of the government is that it would go back to vacate the 924C if the court finds that there was error under the first prong of Strickland and the conviction would remain as to the greater offense. However, I believe that under Brand, the district court would actually be required to move that life sentence that runs consecutive to the RICO and BICAR counts and make that one consecutive. So actually, instead of... I hear you. I understand what you're saying Brand does, but that's not what the government said in its brief. I understand, Your Honor. It may not be so much a late-breaking development, but a clarification that I wanted to make sure I understood what the law requires. I understood what I submitted to the court at the time in reviewing Brand. It has become clear that actually the court has adopted the view that the mandate requires it to run consecutive and I only modify what I am saying now to the court in the interest of maintaining consistency with the court's precedent.  If the government didn't insist on that, that wouldn't happen, would it? I'm sorry, Your Honor. If the government didn't... If the government didn't insist on an application to Brand, which it looked like from your brief, the government wasn't. We were not, Your Honor. We did not at the time. I'm only trying to be careful because I don't want to insist that the government is agreeing to something that's contrary to the Fourth Circuit precedent. I understand that it was not argued that it should run consecutive and I don't believe that Mr. Palacios was arguing that it should run consecutive, although I do think that my colleagues representing Mr. Palacios agree that it was the point that the government raised in the district court briefing on this matter, but I do acknowledge that the brief that I submitted to the court does not say that. Okay, I'm not exactly sure. It seemed to me that this brief gave me indication that the government was not going to rely on Brand if this case was sent back. That the only thing that would happen would be to vacate the 924C conviction. Yes, that is how it's written. I suppose I'm confessing that I made an error in writing it because it's an inconsistent position with not only the law but the position that was advanced before the district court and I'm just trying to be cautious of asking the court to do something that goes against, frankly, the statutory requirement advanced by the court. I apologize if my answer is confusing. I just don't want to be seen as asking to do something. I just want to know what the government's position would be if we did do what you, if we did exactly what you said in the brief. As I stand here now, Your Honor, I believe that under the law as interpreted by Brand, the 924J count would have to run consecutive because of the way that 924C is structured. I do understand that that is not what was written in the brief, but I believe that the law requires that outcome even if my written advocacy did not recognize that. Okay. Thanks for your answer. Those are all the only two questions I had. Thank you, Your Honor. Just briefly touching on the argument regarding appellate counsel, I would emphasize that appellate counsel offered wider latitude than trial counsel. We believe that there would have been no error raising it on direct appeal. For the same reason, there was no error raising it at the trial level. Again, to the extent that it was not raised, which the government believes that it was. In turning to the prejudice issue, the one note is that the government believes that because performance was not deficient and the law was unsettled, that the court should not reach the issue of whether the special assessment creates prejudice because there was no deficient performance on the strickland. Unless the court has any additional questions, I will rest on my brief for everything else and I thank the court for its time. Thank you. Do we have any rebuttal? Counsel? Yes, thank you, Your Honors. First, I'd like to address the idea that this should have been raised on direct appeal. It would have been very difficult for Mr. Palacios' appellate counsel to do so given that it wasn't raised before the district court. That's when the strategic decision seems reasonable that they wouldn't have spent brief pages and time raising something that wasn't argued. The fault really rests primarily with the trial counsel and it's not something that is decisive whether appellate counsel was wrong in raising it or not raising it because that's really where the issue begins. I'd also like to respond to the contention that the lower court motion actually did address the same issue we're dealing with here today. To refer you to the trial counsel's argument, which was in our supplemental appendix at page 9, trial counsel in this case said, quote, once the government, assuming it proves up the conspiracy to commit murder and the murder of Nancy Diaz, that threshold of evidence will enable it to prove up either use and carrying of a firearm or murder resulting from use and carrying of a firearm. That's how we can tell that trial counsel themselves believed that they were making an argument between the murder charges and the firearm charges, not within those two firearm charges. Additionally, the standard here is not uncertainty about whether this argument was viable or not. The standard is foreshadowing. To fall back on the idea that it was a strategic choice is difficult when ignorance of the law, as this court has said in Morris, is not a form of strategic choice and that's not a shield that we can use in hindsight to explain away ineffective assistance. Finally, I'd like to add that before 2008, there were three circuits that had made and agreed with our position being the 1st, 8th and 10th and the later opinion from the 5th Circuit and Gonzalez referred to those 8th and 10th Circuit opinions in Battle and Allen to agree with the principle that this would violate double jeopardy. Counsel, can I ask you a question here? And I've appreciated your argument and you've done a fine job. You're still in law school, is that correct? Yes, Your Honor. In United States v. Brand, the court held that a sentence imposed for a violation of 924J must run concurrently to other sentences because Congress intended that punishment imposed for a 924J violation be subject to the consecutive sentence mandate of 924C. So, I think there's a pretty strong argument that if we should vacate the 924C sentence or send it back to the district court to vacate, then the 924J sentence would be consecutive. And I really wonder if your client wants that result. You remember earlier in response to Judge Keenan's questions, she said you might have a total resentencing and get a worse sentence. This looks like the statute would require it. Or our interpretation of the statute, anyway. Now, I know this is coming to you a little cold. I don't think the government quite made this argument in its brief. And so maybe you want to look at this case and then write us a letter about whether you might want to withdraw the appeal or not. How would that be? Or I'm happy to get your answer now if you have one. At this time, we would not like to withdraw the appeal. It's our understanding that in vacating just the 924C conviction, that this court could discretionarily do that without subjecting this to an entirely new sentencing process. Are you familiar with United States v. Brand? I'm not, Your Honor. Okay, let me give you the site and let you all think about it. 776F3rd 276 4th Circuit 2015. Thank you, Your Honor. I have that. And we will be interested in and let us say within 10 days you give us whatever response you have. And if you want to continue the appeal, fine. I just want to be sure that you understand what Brand says. Okay? Thank you, Your Honor, and I appreciate your concern. Were you about to finish your rebuttal? Yes, Your Honor. At this time, we... Thank you very much. Thank you. The case is submitted. We'll ask our clerk to adjourn court and then we'll go to our last case.
judges: Diana Gribbon Motz, Barbara Milano Keenan, Henry F. Floyd